UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GS HOLISTIC, L.L.C.                                                                    Plaintiff

v.                                                                 Civil Action No. 3:25-cv-28-RGJ

HEMP VAPING ADVENTURE & SMOKE                                        Defendants
SHOP INC., AND MAHMOOD YAFEE

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment filed by Plaintiff GS

Holistic L.L.C. ("GS Holistic") against Defendants Hamp Vaping Adventure & Smoke Shop Inc.

("Hemp Vaping Adventure") and Mahmood Yafee ("Yafee") (collectively "Defendants"). This

matter is ripe for adjudication.  For the reasons below, the Motion for Default Judgment [DE 13]

is **GRANTED**.

**I.        BACKGROUND**

GS Holistic asserts in its complaint that Defendants willfully infringed its trademarks in

violation of 15 U.S.C. §§ 1114, counterfeited its trademarks in violation of 15 U.S.C. §§ 1116(d),

and made a false designation of origin in violation of 15 U.S.C. § 1125(a). [DE 1 at 13-14]. GS

Holisic owns the following of four registered trademarks:

1.  U.S. Trademark Registration No. 6,633,884 for the standard character mark
    "Stüdenglass" in association with goods further identified in registration in
    international class 011.

2.  U.S. Trademark Registration No. 6,174,291 for the standard character mark
    "Stüdenglass" in association with goods further identified in registration in
    internal class 034.

3.  U.S. Trademark Registration No. 6,174,292 for the design plus words mark "S"
    and its logo in association with goods further identified in registration in
    international class 034.

4. U.S. Trademark Registration No. 7,028,399 for the standard character mark "Gravity Perfected" in association with goods further identified in registration in international class 010.

[DE 1 at 3-4]. GS Holistic refers to these trademarks as the "Stündenglass Marks," which it has used since 2020 to make and sell "Gravity Infusers" and accessories. [DE 1 at 4]. GS Holistic alleges the Stündenglass Marks are distinctive to the public and in trade and that its branded products are of superior quality. [*Id*.] GS Holistic sells its products under the Stündenglass Marks to approximately 3,000 stores in the United States, including in Kentucky. [DE1 at 5]. A Gravity Infuser is priced at $599.95. [*Id*.]. GS Holistic alleges that counterfeits of the Gravity Infuser are sold in the price range of $200-$600. [*Id*. at 6].

GS Holistic alleges that Hemp Vaping Adventure and Yafee sell counterfeit products using all four of the Stündenglass Marks. [DE 1 at 6]. Hemp Vaping Adventure is a sole proprietorship organized and existing under the laws of the Commonwealth of Kentucky with a principal place of business at 2140 Old Shepherdsville Road in Louisville, Kentucky. [DE 1 at 2]. Yafee is the owner and operator of Hemp Vaping Adventure and a resident of Prestonsburg, Kentucky. [*Id*.] On August 24, 2024, GS Holistic's investigator observed at least two counterfeit products in the Hemp Vaping Adventure store, one of which the investigator purchased for $222.50. [DE 1 at 7-8]. GS Holistic's investigator took photographs of Defendants' use of all four of the Stündenglass Marks. [DE 1 at 8].

GS Holistic's complaint against Hemp Vaping Adventure and Yafee was filed on January 14, 2025. [DE 1]. Summonses were issued by Clerk of Court on January 15, 2025. [DE 5]. GS Holistic filed two separate proofs of service, one for each Defendant, on February 24, 2025 and March 14, 2025, respectively. [DE 6, DE 7]. On December 1, 2025, GS Holistic moved for entry of default against Defendants, [DE 8], which the clerk thereafter entered on January 5, 2026, [DE

2

9].  On February 26, 2026, the Court issued an order for GS Holistic to show cause why this matter should not be dismissed for failure to prosecute. [DE 10]. GS Holistic responded on March 9, 2026, requesting 30 days to file a motion for default judgment, which the Court granted. [DE 11, DE 12]. On April 9, 2026, GS Holistic filed a Motion for Default Judgment.  [DE 13].  Defendants have not responded.

## II.      STANDARD

Under Federal Rule of Civil Procedure 55(b), a district court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action.   To obtain a judgment by default, the moving party must first request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a).  *See Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (internal citation omitted).

Once the clerk has entered default, the Court must accept all well-pleaded allegations in the complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also* Fed. R. Civ. P. 8(b)(6). Based on the factual predicate in the complaint, the Court must then "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. *Fifth Third Bank v. Canfield*, No. 3:14-CV-00300-CRS, 2014 WL 3853464, at *2 (W.D. Ky. Aug. 5, 2014) (citing *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13–CV–408–ORL, 2014 WL 2574040, at *5 (M.D. Fla. June 9, 2014)). The allegations are sufficient "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"[T]he decision to grant a default judgment is within the Court's discretion." *AF Holdings*

3

*LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). Factors considered in determining whether to enter a default judgment include: "[1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt." *J & J Sports Prods., Inc. v. Camacho*, No. 3:16-CV-00141-TBR, 2017 WL 2389409, at *2 (W.D. Ky. June 1, 2017).

"A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). As a result, when moving for a default judgment, the plaintiff must prove its entitlement to monetary damages requested. A court will not simply accept a plaintiff's statement of damages, *see Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014), but rather, "must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Priority Insulation v. Triple Crown Fin. Grp., Inc.*, No. 1:05CV563, 2006 WL 1529330, at *3 (S.D. Ohio June 5, 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995)).

Rule 55(b) permits, but does not require, the court to "conduct hearings or make referrals" in order "to determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B). The court may also rely on affidavits and other documentary evidence to determine the appropriate damages. *See Hart v. Estes*, No. 3:17CV-317-CRS, 2018 WL 1914295, at *2 (W.D. Ky. Apr. 23, 2018) ("The court, in its discretion, need not hold a hearing on the motion, but may determine on the filings that default judgment on the claims is proper, and may fix damages where the plaintiff has

4

provided sufficient documentary proof to establish the judgment amount.") (citation omitted).

### III.    DISCUSSION

GS Holistic alleges claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051-1127. [DE 1]. The Court has subject matter jurisdiction over the instant suit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).

To establish a claim of trademark infringement under 15 U.S.C. § 1114, a plaintiff "must show that: '(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion.'" *Libertarian Nat'l Comm., Inc. v. Saliba*, 116 F.4th 530, 534 (6th Cir. 2024) (quoting in part *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). The elements of a claim for false designation of origin are similar as the Lanham Act imposes liability on

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, [that] ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

*6 15 U.S.C. § 1125(a)(1); *see also Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos, Inc. v. Taco Cabana*, 505 U.S. 763, 780 (1992)) ("Under the Lanham Act, 15 U.S.C. § 1051 et seq., we use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks."). "To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." *Laukus v. Rio Brands, Inc.*, 391 F. App'x 416, 425 (6th Cir. 2010)

(citing 15 U.S.C. § 1117(b)). 15 U.S.C. § 1116 defines a "counterfeit mark" as one that is "counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). 15 U.S.C. § 1127 further defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

The record supports that GS Holistic owns four registered trademarks, the Stündenglass Marks, and that at least one product sold in commerce at the control and direction of Yafee was a counterfeit product using GS Holistic's trademarks. By failing to respond to this lawsuit and defaulting, Yafee has admitted that his use of GS Holistic's trademarks was likely to cause confusion, including confusion regarding the origin of the goods offered. *Gs Holistic, LLC v. Maa Khodiyar Inc.*, No. 3:25-CV-00029-CHB-CHL, 2026 WL 364068, at *6 (W.D. Ky. Jan. 21, 2026) report and recommendation adopted sub nom. *GS Holistic, L.L.C. v. Maa Khodiyar, Inc.*, No. 3:25-CV-029-CHB-CHL, 2026 WL 362709 (W.D. Ky. Feb. 9, 2026); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (stating that upon default, the defendant admits the plaintiff's allegations). By failing to respond to this lawsuit and defaulting, Patel has also admitted that he intentionally used GS Holistic's marks knowing they were counterfeit. *Id.* Thus, the record and allegations of the Complaint are sufficient to support the merits of GS Holistic's claims such that the Court may draw a reasonable inference that Defendants are liable and weigh in favor of entry of a default judgment.

As to the amount of money potentially involved, GS Holistic seeks statutory damages for willful trademark counterfeiting under 15 U.S.C. § 1117(c). [DE 13 at 67]. The Court will discuss

in more detail the appropriate damages to award below.  Based upon the allegations and proof submitted by GS Holistic, there do not appear to be material issues of fact, although Defendants have not appeared to contest the issues.  Defendants have failed to appear, but enforcement of valid trademark rights is of importance to the public. The Court cannot find GS Holistic has been substantially prejudiced by the delay involved as that primarily results from when GS Holistic chose to seek an entry of default and motion for default judgment.  Overall, the grounds for default are sufficiently established and it is appropriate to award a default judgment.

Having found default against Defendants appropriate, the Court must determine damages. Under the Lanham Act, a successful plaintiff "shall be entitled . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). However, under 15 U.S.C. § 1117(c), in a case involving a counterfeit mark, a plaintiff may elect to recover statutory damages of between $1,000.00 and $200,000.00 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id*. § 1117(c)(1). That amount may be increased to $2,000,000.00 "if the court finds that the use of the counterfeit mark was willful." *Id*. § 1117(c)(2).

In its motion, GS Holistic moves for statutory damages instead of actual damages and requests that the Court award it $200,000.00 in statutory damages, "$50,000.00 per mark." [DE 13 at 86]. Courts within this district and the Sixth Circuit have found a range of $5,000 to $20,000 in statutory damages appropriate in similar circumstances granting default judgments to GS Holistic. *Gs Holistic*, 2026 WL 364068, at *7 (collecting cases awarding statutory damages to GS Holistic).

In the present case, Hemp Vaping Adventure appears to be a small local store.  On August 24, 2024, GS Holistic's investigator observed at least two counterfeit products in the Hemp Vaping Adventure store, one of which the investigator purchased for $222.50. [DE 1 at 7-8]. There are no

allegations that the store was selling counterfeit products on a large scale or that they were put on notice by GS Holistic about their infringement.  GS Holistic provides photos of the counterfeit product and a comparison to its product. GS Holistic provides evidence that Defendants sold the counterfeit product for approximately 37% of the authorized retail price which does suggest that Defendants knew the product was counterfeit.  On these facts, an award of $5,000 per mark for a total of $20,000 is appropriate.

GS Holistic also seeks a permanent injunction prohibiting infringement on its marks. [DE 13 at 87]. A plaintiff seeking a permanent injunction must prove: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

First, to establish irreparable harm under the trademark infringement framework, once a moving party has shown a likelihood of confusion, irreparable injury is presumed. *Wynn* 943 F.2d at 608. Irreparable harm is "inherent in the loss of control over the use of one's registered trademark." *National Bd. Young Men's Christian Associations v. Flint Young Men's Christian Ass'n of Flint, Mich.*, 764 F.2d 199, 202 (6th Cir.1985) (citing *Burberry's (Wholesale) Ltd. V. After Six Ciro.,* 122 Misc.2d 561, 471 N.Y.S.2d 235 (1984)).  Here, GS Holistic presented evidence that Defendants are using the Stündenglass Marks and likelihood of confusion, thus, irreparable harm is presumed.  *See Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1055 (6th Cir.1999).

Second, as to adequate remedy at law, "where there is a potential for future harm from continuing infringement, there is no adequate remedy at law." *Am. Auto. Ass'n v. Dickerson,* 995

F. Supp. 2d 753, 758 (E.D. Mich. 2014) (quoting *Circuit City,* 165 F.3d at 1056). GS Holistic's investigator documented a counterfeit product sold at Hemp Vaping Adventure, and Defendants have not appeared in the action or otherwise responded, demonstrating potential for continued infringement. *Gs Holistic, LLC*, 2026 WL 364068, at *8; *see also Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 243 (S.D.N.Y. 2023) ("Stokes has established a threat of continuing violations . . . because MilkNYC has not appeared in this lawsuit . . ."). Thus, GS Holistic demonstrates there is no adequate remedy at law.

As to the balance of hardships, Defendants face no hardship in complying with the law. GS Holistic, on the other hand, loses sales and endures brand dilution and reputational harm if the trademark infringement continues. GS Holistic demonstrates the balance of hardships favor it.

As to the fourth requirement as to whether injunctive relief serves the public interest, "preventing consumer confusion and deception in the marketplace and protecting the trademark holder's property interest in the mark." *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc*., 453 F.3d 377, 383 (6th Cir. 2006). Thus, a permanent injunction serves the public interest. GS Holistic is entitled to a permanent injunction prohibiting Defendants from infringing the Stündenglass Marks.

Finally, GS Holistic requests its costs. Under the Lanham Act and the Federal Rules of Civil Procedure, GS Holistic is entitled to costs as the prevailing party. 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d). Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs other than attorneys' fees. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."). Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing

9

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate"). § 1920 allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; " [f]ees and disbursements for printing and witnesses"; "[f]ees of the clerk," such as filing fees; "[c]ompensation of court appointed experts"; and "costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920.

GS Holistic seeks a total of $758.70 consisting of the filing fee ($402.00), the process server fee ($134.20), and the investigation fees ($222.50) and submitted an affidavit of counsel in support.  Congress has expressly authorized fees of the Clerk to be taxed pursuant to 28 U.S.C. § 1920(1).  However, the statute does not permit costs for process server fees or investigation fees. *See Phoenix Versailles Indus. Invs. LLC v. Bourbon Pallet Dreams, L.L.C.*, No. CV 5:23-196-DCR, 2024 WL 476861, at *4 (E.D. Ky. Feb. 7, 2024).  Nor does GS Holistic provide any authority in support of allowing these costs. [DE 13 at 86]. GS Holistic is entitled to costs in the amount of $402 for its filing fee.

## IV.  CONCLUSION

For the reasons above, and being otherwise sufficiently advised, the Court ORDERS as follows:

1. The Motion for Default Judgment [DE 13] is **GRANTED**.

2. The Court will issue separate default judgment.

Rebecca Grady Jennings, District Judge
United States District Court

June 18, 2026

10